[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 155.]

BUTLER COUNTY BAR ASSOCIATION *v*. MCKENZIE.

[Cite as *Butler Cty. Bar Assn. v. McKenzie*, 2002-Ohio-3620.]

*Attorneys at law—Misconduct—Public reprimand—Violating several provisions of the Code of Professional Responsibility while engaging in direct mail advertising of legal services.*

(No. 2002-0348—Submitted April 10, 2002—Decided July 31, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-14.

_____

*Per Curiam.*

{¶1} On February 5, 2001, relator, Butler County Bar Association, filed a complaint charging Kyle B. McKenzie of Hamilton, Ohio, Attorney Registration No. 0063477, with violating several provisions of the Code of Professional Responsibility when he engaged in direct mail advertising of his legal services. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶2} Based on evidence and stipulations received at a hearing on October 26, 2001, the panel found that in 1999, respondent, whose practice was primarily personal injury work, engaged a marketing company to mail out solicitation letters to prospective clients. The letters the marketing company transmitted on respondent's behalf contained testimonials from former clients. Also, the wording "Advertisement Only" on some of the envelopes was not printed in red ink.

{¶3} The panel also heard evidence that the fact that the words "Advertisement Only" were not always in red ink was a printer's error. Additionally, the panel found that although respondent initially approved the

testimonials, he eventually had the testimonials removed from the solicitation letters.

{¶4} The panel concluded that respondent had violated DR 2-101(A)(3) (a lawyer shall not use a direct mail solicitation that contains a testimonial of past or present clients pertaining to the lawyer's capability) and 2-101(F)(2)(e) (a lawyer may engage in solicitation by direct mail in specified limited circumstances provided the letter of solicitation in its text and on the envelope in which it is mailed includes the words "ADVERTISEMENT ONLY" in type no smaller than 10 points and in red ink). After receiving mitigation evidence regarding respondent's good reputation and noting his complete cooperation with relator's investigation, the panel recommended that respondent receive a public reprimand.

{¶5} The board adopted the findings, conclusions, and recommendation of the panel.

{¶6} On review of the record we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Stephen J. Brewer and Bennett A. Manning, for relator.

Charles Kettlewell and Timothy R. Evans, for respondent.

_____